IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MANUEL BELMONTE, *et. al.*, § § Plaintiffs, § § v. § § MEDSTAR MOBILE HEALTHCARE, § *et. al.*, § § Defendants. § | Civil Action No. 3:19-CV-01867-N |

# MEMORANDUM OPINION AND ORDER

This Order addresses Defendants MedStar Mobile Healthcare ("MedStar") and UT Southwestern's ("UTSW") motions to dismiss [63], [68]. For the following reasons, the Court grants UTSW's motion to dismiss and grants in part and denies in part MedStar's motion to dismiss.

## I. ORIGINS OF THE DISPUTE

Plaintiffs Manuel, Cecelia, Sophia, and Liliana Belmonte (collectively, "Plaintiffs") filed their Second Amended Complaint against Defendants MedStar and UTSW on April 17, 2020 alleging civil rights violations and state law tort claims [61]. Plaintiffs allege that MedStar and UTSW were responsible for enrolling Cristina Belmonte ("Decedent") in a medical study without either her or M. Belmonte's consent, and that the manner in which emergency responders conducted the study on Decedent contributed to her death. Both UTSW and MedStar have filed motions to dismiss.

## II.  Legal Standard for a 12(b)(6) Motion to Dismiss

When ruling on a Rule 12(b)(6) motion to dismiss, a court must determine whether the plaintiff has asserted a legally sufficient claim for relief. *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To meet this standard, a plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court generally accepts well-pleaded facts as true and construes the complaint in the light most favorable to the plaintiff. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012). But a court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007). A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. (internal citations omitted).

## III.  UTSW Possesses Eleventh Amendment Immunity and is Not Subject to Suit

"[I]t is established that an unconsenting State is immune from suits brought in federal court by her own citizens as well as by citizens of another State." *Employees of Dep't of Pub. Health & Welfare, Missouri v. Dep't of Pub. Health & Welfare, Missouri*, 411 U.S. 279, 280 (1973). An agency of the state also possesses this immunity. *See Daigle*

*v. Gulf State Utils. Co., Local Union 2286,* 794 F.2d 974, 980 (5th Cir. 1986).  Section 1983 cannot be used "as a vehicle for redress" against a State.  *Haywood v. Drown*, 556 U.S. 729, 734 n.4 (2009).  UTSW, as a part of the University of Texas System, is "clearly a state agency."  *Turner v. Univ. of Texas Sw. Med. Ctr. at Dallas*, No. 3:06-CV-0592-L, 2007 WL 959032, at *2 (N.D. Tex. Mar. 30, 2007).  UTSW, as an agency of the state, has not waived its immunity here.  No other waiver of immunity applies here, either.  Although Congress may waive a state's immunity for receipt of funds, there must be clear Congressional intent for this waiver to apply.  *Pennhurst State Sch. and Hosp. v. Halderman*, 451 U.S. 1, 17 (1981).

Additionally, the Fifth Circuit has declined to adopt the "state-created danger" exception to sovereign immunity in section 1983 cases.  *Doe v. Columbia-Brazoria Indep. Sch. Dist.*, 855 F.3d 681, 688 (5th Cir. 2017).  Even if the Fifth Circuit did adopt a "state-created danger" exception, it does not appear that it would waive Eleventh Amendment immunity.  *See Longoria v. Texas*, 473 F.3d 586, 592 n. 6 (5th Cir. 2006) (noting defendants entitled to Eleventh Amendment immunity were dismissed despite plaintiff's argument that there was a state-created danger).  Based on Eleventh Amendment immunity, the Court dismisses the section 1983 claims against UTSW.

Finally, the Texas Tort Claims Act does not waive sovereign immunity in federal court.  *Sherwinski v. Peterson*, 98 F.3d 849, 852 (5th Cir. 1996).  As such, UTSW's Eleventh Amendment immunity precludes suit under the Texas Tort Claims Act in federal court.  Thus, the Court dismisses the state claims against UTSW.

### IV. MEDSTAR IS IMMUNE FROM STATE LAW CLAIMS

MedStar is a participant of an interlocal agreement pursuant to Texas Government Code Chapter 791. Def.'s Appx. [65]. That code provides that parties to an interlocal contract may "create an administrative agency" to supervise the performance of the contract. TEX. GOV'T. CODE § 791.013(a)(1). MedStar's interlocal agreement denotes MedStar as one of these administrative agencies. Def.'s Appx. 2 [65]. "Entities created pursuant to the authority granted by chapter 791 enjoy local-government status and operate as distinct governmental units." *Perry v. People for Efficient Transp., Inc.*, 03-06-00147-CV, 2009 WL 1364361, at *3 (Tex. App.—Austin May 15, 2009, no pet.). Thus, MedStar is a governmental entity entitled to governmental immunity.

In Texas "sovereign immunity is waived only when the Legislature has clearly and unambiguously expressed that intent." *Texas Dept. of Transp.*, 146 S.W.3d 637, 641 (Tex. 2004). The Texas Tort Claims Act ("TTCA") "provides a limited waiver of immunity for certain suits against governmental entities and caps recoverable damages." *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 655 (Tex. 2008). TTCA governs liability in this instance. *See* TEX. CIV. PRAC. & REM. § 101.021. TTCA does not waive governmental immunity for intentional torts. TEX. CIV. PRAC. & REM. § 101.057(2). Thus, MedStar's immunity for intentional torts is a bar to the battery and false imprisonment claims.

Additionally, sections 101.055 and 101.062 provide exceptions for medical emergencies and response to 9-1-1 calls to the general waiver under TTCA. These exceptions cover negligent torts. *See, e.g.*, *Estate of Webber through Webber v. T-Mobile,*

MEMORANDUM OPINION AND ORDER – PAGE 4

*US, Inc.*, No. 3:18-CV-1054-L, 2018 WL 3631781, at *5 (N.D. Tex. July 31, 2018) ("Even in situations in which immunity may generally be waived, such as under section 101.021 of the TTCA, statutory exemptions for emergencies can still override the immunity waiver."); *City of San Antonio v. Harman*, 201 S.W.3d 667, 671 (Tex. 2006) (citing section 101.055). In this case, MedStar was operating pursuant to a medical emergency. Thus, MedStar preserves immunity for the negligence torts.

Because there is no waiver of governmental immunity here, the Court dismisses the state law claims against MedStar.

### V.  PLAINTIFFS HAVE SUFFICIENTLY PLED A SECTION 1983 CLAIM AGAINST MEDSTAR

A plaintiff must plead three elements to show municipal liability in section 1983 claims: "a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) (quoting *Monell v. Dep't of Social Services*, 436 U.S. 658, 694 (1978)). At the motion to dismiss stage, the plaintiff need not plead the "precise identity of a policymaker," but instead must allege that "'[a]ctual or constructive knowledge' is attributed to a . . . policymaker." *Pena v. City of Rio Grande City*, 879 F.3d 613, 623 (5th Cir. 2018) (quoting *Hicks-Fields v. Harris Cty.*, 860 F.3d 803, 808 (5th Cir. 2017)). Plaintiffs here have plausibly alleged all relevant elements against MedStar.

#### A.  *Plaintiffs Have Sufficiently Pled an Official Policy*

The Fifth Circuit has defined an official policy or custom in two ways for the purposes of *Monell* liability:

> 1. A policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority; or
>
> 2. A persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy. Actual or constructive knowledge of such custom must be attributable to the governing body of the municipality or to an official to whom that body had delegated policy-making authority.

*Johnson v. Moore*, 958 F.2d 92, 94 (5th Cir. 1992) (quoting *Bennett v. City of Slidell*, 735 F.2d 861, 862 (5th Cir. 1984) (en banc)). In this case, Plaintiffs have identified the PART study as a relevant policy. *See* Pltfs.' Second. Am. Compl. 7–10. Plaintiffs have alleged that the PART study itself may discourage medical providers from obtaining informed consent when conducting the study. *Id.* at 8. MedStar was a participating provider in this study, and thus subject to its instructions and procedures. *Id.* at 9. Because the PART study was an officially promulgated study with official directives and procedures, the Court finds that Plaintiffs have met their burden to allege an official policy.

### B.  *Plaintiffs Have Adequately Connected an Official Policy to a Policymaker*

Even though the precise identity of a policymaker is a question of law, Plaintiffs alleging section 1983 claims under *Monell* liability must still allege some facts that an official policy was promulgated or ratified by a policymaker. *Mohamad for A.M. v. Irving Indep. Sch. Dist.*, 252 F. Supp. 3d 602, 616 (N.D. Tex. May 18, 2017). Plaintiffs here have alleged that MedStar is an emergency services provider participating in the official PART study. Pltfs.' Second Am. Compl. 8–9. Because Plaintiffs have alleged that MedStar has

ratified the PART study by its participation, the Court finds that Plaintiffs have satisfied their burden to connect an official policy to a policymaker.

### C.  *Plaintiffs Have Sufficiently Pled a Constitutional Violation*

A policy must be either unconstitutional itself or else adopted with deliberate indifference to the obvious fact that constitutional violations would occur. *James v. Harris Cty.*, 577 F.3d 612, 617 (5th Cir. 2009) (quoting *Johnson v. Deep East Tex. Reg'l Narcotics Trafficking Task Force*, 379 F.3d 293, 309 (5th Cir. 2004)).  "To base deliberate indifference from a single incident, 'it should have been apparent to the policymaker that a constitutional violation was the highly predictable consequence of a particular policy or failure to train.'"  *Blanchard-Daigle v. Geers*, 802 Fed.Appx. 113, 116 (5th Cir. 2020) (quoting Burge v. *St. Tammany Par.*, 336 F.3d 363, 373 (5th Cir. 2003)).  The description of a policy and its relation to a constitutional violation "cannot be conclusory; it must contain specific facts."  *Spiller v. City of Texas City, Police Dept.*, 130 F.3d 162, 167 (5th Cir. 1997).

In this case, Plaintiffs have provided specific facts regarding the PART study, as well as deficiencies in its procedures that would likely lead to constitutional violations. *See, e.g.,* Pltfs.' Second Am. Compl. 7–8.  Moreover, Plaintiffs have directly connected aspects of the PART study regarding informed consent to a violation of Decedent's constitutional right to privacy. *Id.* at 20.  Specifically, Plaintiffs allege that the lack of direction in the PART study with regard to gaining informed consent paired with the language in the official procedures that discouraged gaining consent directly contributed to a violation of Decedent's constitutional right to privacy.  Because Plaintiffs have pled

MEMORANDUM OPINION AND ORDER – PAGE 7

with such particularity, the Court finds that they have met their burdens in alleging municipal liability against MedStar. MedStar's motion to dismiss with regard to the section 1983 claims is denied.

## CONCLUSION

Because UTSW is an entity entitled to Eleventh Amendment immunity and has not waived it, the Court grants its motion to dismiss in full. Because it seems unlikely that Plaintiffs can overcome this barrier, UTSW's motion to dismiss is granted with prejudice. The Court finds that MedStar is a governmental entity entitled to immunity against tort claims under TTCA. As it is unlikely that Plaintiffs can overcome this barrier, the Court grants MedStar's motion to dismiss with regard to the state law claims with prejudice. However, the Court finds that Plaintiffs have adequately pled a section 1983 claim against MedStar. Accordingly, the Court denies MedStar's motion to dismiss on the section 1983 claims.

Signed September 4, 2020.

David C. Godbey
United States District Judge